DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Patricia Young and Teresa, Michael and Timmy Whitfield, appeal from the judgment of the Summit County Court of Common Pleas which entered summary judgment in favor of Appellee, Carl McClain. This Court affirms.
 I. {¶ 2} On April 22, 2005, Appellee filed a complaint for declaratory relief seeking a determination of the rights of individuals to the proceeds of a life insurance annuity owned by the late Georgia May Craig. At the time Ms. Craig took out the insurance policy, October 14, 1994, she had four living children: Appellee, Jo Evelyn White, Mary Sue Walker, and Betty Berniece Whitfield. Initially, the policy was written to name all four children as beneficiaries. Ms. Whitfield, however, predeceased Ms. Craig. Thereafter, on January 5, 1999, Ms. Craig granted Appellee power of attorney. Using his status, Appellee contacted the insurance company and had the beneficiaries changed to include only Ms. Craig's three surviving children. In turn, the insurance company sent Ms. Craig an endorsement, noting the change in her beneficiaries.
 {¶ 3} Appellants are the surviving children of Ms. Whitfield and thus are Ms. Craig's grandchildren. In response to Appellee's complaint for declaratory relief, Appellants contended that Appellee exerted undue influence over Ms. Craig and that his undue influence caused Ms. Craig to alter the disposition of her life insurance policy benefits.
 {¶ 4} On December 7, 2005, Appellee moved for summary judgment on his complaint. In his motion, Appellee asserted that there existed no evidence to support Appellants' assertions that he had exerted undue influence over Ms. Craig. Appellants responded, asserting that audio tapes existed which proved that Ms. Craig did not want to change the beneficiaries of the policy, but did so out of fear of Appellee. The trial court found that Appellee had met his burden under Civ.R. 56 and that Appellants had not met their reciprocal burden. Accordingly, the trial court entered judgment in Appellee's favor. Appellants timely appealed the trial court's judgment, raising one assignment of error. For ease of analysis, we have synthesized Appellants' assignment of error.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} In their sole assignment of error, Appellants contend that the trial court erred in granting Appellee's motion for summary judgment. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. Upon review, we find that Appellee met its initial Dresher burden, and Appellants failed to meet their reciprocal burden.
 {¶ 9} In support of his motion, Appellee relied upon his own affidavit, the insurance policy, the power of attorney, Ms. Craig's will, the notice of change in beneficiaries, a letter from Ms. Craig, affidavits from Ms. Walker and Ms. White, and Appellant Patricia Young's deposition. In response to the motion, Appellants attached no evidentiary materials.
 {¶ 10} Accordingly, the trial court had before it uncontradicted evidence that Appellee, Ms. Walker, and Ms. White were the sole beneficiaries to the life insurance policy. Appellee provided the power of attorney form which granted him the authority to change the beneficiaries on Ms. Craig's policy. He further provided the trial court with the policy that listed the above three as the sole beneficiaries on the policy. The trial court also had before it the "Notice of Beneficiary Changes" which provided as follows:
"If the new endorsement is not correct, please return it to us with your signed specific instruction."
In addition, Appellee provided a letter signed by Ms. Craig which stated as follows:
"Carl McClain is my power of attorney; my beneficiaries are Carl McClain, Mary Walker, and Jo Evelyn White. These are my children. Everything that I have is fixed just as I want it to be."
The letter was dated January 21, 2004, nearly five years after Ms. Craig was sent notice of the change of beneficiary form. The trial court also had before it Ms. Craig's last will and testament, which also excluded her grandchildren. Finally, the trial court had before it the affidavits of Appellee, Ms. White, and Ms. Walker, all of which stated that they had never witnessed Appellee exert undue influence over Ms. Craig, that Ms. Craig lived independently, that Ms. Craig was pleased with how Appellee handled her affairs, and that it was Ms. Craig's intention to leave the benefits of her life insurance policy to her three surviving children. Accordingly, Appellee met his initial burden to demonstrate that there was no genuine issue of material fact regarding the proper beneficiaries of the life insurance policy.
 {¶ 11} Appellants sought to rebut Appellee's evidence, arguing that Appellee had exerted undue influence. In their response, Appellants asserted that specific instances of conduct demonstrated this undue influence. Appellants concluded their response by stating that they were "prepared to testify to the above facts." Appellants, however, provided no evidence as required by Civ.R. 56(C). In its entry, the trial court aptly noted that Appellants "failed to submit any evidence whatsoever in support of their Answer to Motion for Summary Judgment." While on appeal Appellants rely heavily upon the law surrounding the standard of proof and burden shifting under the doctrine of undue influence, they supplied no evidence of undue influence in the trial court. Accordingly, Appellants did not meet their reciprocal Dresher burden.
 {¶ 12} On appeal, however, Appellants urge that the trial court should have considered an affidavit which they filed on February 9, 2006. The record reveals that while Appellants filed the affidavit on February 9, 2006, the trial court had entered its final order granting summary judgment on February 1, 2006. Accordingly, to consider Appellants' filing, the trial court would have been required to reconsider its final order, an action which it is not permitted to do under the civil rules. While Appellants cite to precedent regarding Civ.R. 60(B) for the proposition that the trial court should consider the affidavit, at the onset of this appeal, no Civ.R. 60(B) motion had been filed or ruled upon. Accordingly, Appellants' reliance upon such precedent is misplaced.
 {¶ 13} The trial court correctly concluded that Appellee had met his initial burden to demonstrate the proper beneficiaries of Ms. Craig's life insurance policy and correctly concluded that Appellants failed to meet their reciprocal burden. Accordingly, Appellants' sole assignment of error is overruled.
 III. {¶ 14} Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, P.J. Boyle, J. concur.